UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE STARRETT , <br><br>    Plaintiff, <br><br>v. <br><br>CLIFFORD ALLENBY, et al., <br><br>    Defendants. | CASE NO. 1:14-cv-01498-AWI-MJS (PC) <br><br>**ORDER DENYING REQUEST FOR STAY, REQUEST FOR APPOINTMENT OF COUNSEL, AND REQUEST FOR DISMISSAL** <br><br>**(ECF No. 13)** <br><br>**CLERK TO FAX COPY OF THIS ORDER TO LITIGATION COORDINATOR AT FRESNO COUNTY JAIL** <br><br>**THIRTY (30) DAY DEADLINE** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On April 13, 2015, the Court screened Plaintiff's complaint and ordered Plaintiff to file an amended complaint or notify the Court of his willingness to proceed only on his cognizable claim. (ECF No. 8.) Plaintiff sought and received an extension of time to respond. (ECF Nos. 11, 12.)

Before the Court is Plaintiff's June 24, 2015 motion to stay proceedings pending his release from Fresno County Jail. (ECF No. 13.) It appears Plaintiff presently is detained at the jail on criminal charges. He states that he does not have access to legal resources because only individuals representing themselves in criminal actions have

access to the jail's "Legal Research Kiosk." He asks that the Court order one of the following forms of relief: (1) that the action be stayed until his release from jail or for a period of one year, (2) that he be appointed counsel, (3) that the action be dismissed without prejudice, or (4) that the Court order other appropriate relief.

## II. ACCESS TO LEGAL RESOURCES

Plaintiff's right of access to the Courts includes access to a law library and a reasonable amount of time to use the law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). The Court suspects that the "Legal Research Kiosk" referred to in Plaintiff's motion is but one means for jail detainees to access legal resources. Plaintiff likely has other constitutionally adequate means of accessing legal resources at the jail. The Court will direct the Clerk's Office to fax a copy of this order to the Litigation Coordinator at the jail, and hereby requests the Coordinator's assistance in resolving Plaintiff's concerns.

## III. REQUEST FOR STAY

Plaintiff seeks a stay of up to one year.

"The proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997). Here, Plaintiff has not established his need for a stay. As stated, although Plaintiff may not have access to a "Legal Research Kiosk," he likely has constitutionally adequate access to legal resources at the jail. Absent a further showing that Plaintiff has attempted to research his claims but was unable to, the Court is unlikely to entertain a request to stay.

## IV. APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of

counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel will be denied without prejudice.

## V. VOLUNTARY DISMISSAL OF ACTION

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

Here, the Court finds Plaintiff's somewhat equivocal request to dismiss insufficient under Rule 41(a)(1)(A)(i). However, if Plaintiff wishes to dismiss this action without prejudice, he may do so at this time by filing a notice of voluntary dismissal.

## VI. EXTENSION OF TIME

In light of the foregoing, the Court will grant Plaintiff an additional thirty days to either (1) amend his complaint, (2) notify the Court of his willingness to proceed only on his cognizable claim, or (3) file a notice of voluntary dismissal.

**VII. CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for stay (ECF No. 13) is DENIED without prejudice;
2. Plaintiff's request for appointment of counsel (ECF No. 13) is DENIED without prejudice;
3. Plaintiff's request for dismissal (ECF No. 13) is DENIED without prejudice;
4. Within thirty days of the date of this order, Plaintiff shall either (1) file an amended pleading, (2) notify the Court of his willingness to proceed only on his cognizable claim, or (3) file a notice of voluntary dismissal;
5. If Plaintiff fails to respond to this order within thirty days, the action will be dismissed, with prejudice, for failure to obey a court order and failure to prosecute;
6. The Clerk's Office is directed to fax a copy of this order to the Litigation Coordinator at the Fresno County Jail; and
7. The Court requests that the Litigation Coordinator assist Plaintiff in accessing legal resources that may be available to him at the jail.

IT IS SO ORDERED.

Dated:   July 13, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE